# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: CR04-94-S-EJL |
| **Plaintiff-Respondent,** | CV05-506-S-EJL |
| **vs.** | **MEMORANDUM ORDER** |
| **GUILLERMO MENDEZ-MENDEZ,** | |
| **Defendant-Petitioner.** | |

Pending before the Court in the above-entitled matter is Petitioner Guillermo Mendez-Mendez's 28 U.S.C. § 2255 motion (Docket No. 1). In December of 2005, the Court ordered the United States to respond to the § 2255. The United States' response was filed on March 2, 2006. On March 17, 2006, Petitioner filed a reply to the United States' response along with supporting declarations.

Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1985); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a §2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the

ORDER
06ORDERSMENDEZ_2255.wpd

movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court.  Thus in order to withstand summary dismissal of his motion for relief under §2255, Petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim."  United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing.

Factual Background

The sole issue in this § 2255 motion is whether counsel provided ineffective assistance of counsel when he failed to file a corrected notice of appeal.  On January 21, 2005, Petitioner pled guilty to count 1 of the superseding indictment charging conspiracy to distribute methamphetamine and cocaine.  On May 2, 2005, the Court granted a 6 level departure pursuant to the Petitioner's substantial assistance and sentenced the Petitioner to 140 months of imprisonment, followed by 5 years of supervised release and a special assessment of $100.  The Court denied Petitioner's motion for downward departure based on an alleged overstated criminal history.

Counsel for Petitioner electronically filed a notice of appeal (Docket No. 135) on May 11, 2005 as a "motion for leave to file an appeal" even though the body of the pleading indicates it was a notice of appeal.  A deputy clerk of court contacted counsel and informed him Docket No. 135 was filed incorrectly and a new notice of appeal (not a motion for leave to appeal) needed to be filed.  See Corrective Entry on docket on May 12, 2005.   No corrective notice of appeal was filed by Petitioner's counsel.

Petitioner's former counsel, Mr. Manuel Perez, has filed an affidavit indicating that after the deputy clerk of court contacted him regarding the need for a corrective entry, he contacted his client by phone and explained what needed to be done and that Mr. Mendez informed counsel he did not want to appeal the matter any further.  Therefore, counsel states he followed his client's wishes and did not file a corrected notice of appeal.

ORDER
06ORDERSMENDEZ_2255.wpd

On December 12, 2005, Petitioner filed the pending § 2255 motion alleging ineffective assistance of counsel for failure to file his appeal.  In reply to the Government's response to his motion and the affidavit of his former counsel, Mr. Mendez and his wife filed declarations indicating Mr. Mendez wanted to appeal and his position to file an appeal did not change.

Timeliness

The Petitioner was sentenced on May 2, 2005.  The Judgment was entered by the Court Clerk on May 9, 2005 (Docket No. 130).  No direct appeal was filed.

On April 24, 1996, the amendment to 28 U.S.C. § 2255 became effective.  The amendment limited the time in which to file a §2255 motion to one year after the date the judgment of conviction becomes final.  In the present case, the judgment of conviction became final when the Petitioner failed to file a direct appeal within 10 days of the entry of judgment.  Petitioner filed his § 2255 motion on December 12, 2005.  Clearly, the motion was timely filed.

Analysis of Ineffective Assistance of Counsel Claim.

Petitioner claims he asked his attorney to file an appeal and he failed to do so.  A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-690 (1984).  Mere conclusory allegations do not prove that counsel was ineffective.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  A petitioner fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

As to the performance prong, counsel's refusal to comply with a defendant's specific instructions to file an appeal constitutes ineffective assistance of counsel. <u>Rodriquez v. United States</u>, 395 U.S. 327 (1969)  This is true even if a defendant waived his right to file a direct appeal in his plea agreement.  <u>See United States v. Sandoval-Lopez</u>, 409 F.3d 1193, 1197 (9th Cir. 2005) wherein the court held:

> This proposition may amount to saying "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client," but that is the law on filing a notice of appeal.

Moreover, a defendant need not show his appeal is likely to have merit.  <u>United States v. Peguero</u>, 526 U.S. 23, 28 (1969).

"The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." <u>Sandoval-Lopez</u> at 1197.

In the motion for relief, Petitioner states he directly instructed his attorney to file a direct appeal.  This is consistent with the fact that counsel incorrectly filed a notice of appeal which he entitled a "motion for leave to appeal" on the Court's electronic filing system.  Former counsel states in his affidavit that Mr. Mendez later instructed counsel not to pursue the corrected entry or a notice of appeal.  <u>See</u> Affidavit of Manuel Perez, Docket No. 7, p.5.  Mr. Mendez claims in his declaration that "At no time, either in person, over the phone, or by letter did I change my position with respect to exercising my right to appeal."  <u>See</u> Reply to Government's Answer, Docket No. 8, p. 6.  Additionally, Mr. Mendez's wife's declaration indicates her husband advised her he was going

to appeal because he did not get a departure at sentencing[1] and he never advised her he had changed his position regarding the filing of his appeal.  See Leticia Martinez's Declaration, Docket No. 9.

In this particular case, the Court finds it is unnecessary to hold an evidentiary hearing regarding whether the Petitioner directed his attorney to file an appeal and maintained that position after he was notified of the need for a corrected notice to be filed as the Court has the sworn affidavits and declarations of the relevant witnesses regarding this issue.  Because Mr. Mendez is entitled as a matter of law to a direct appeal and he believed he made such a request clear to his counsel, the Court finds based on the motion for leave to file and appeal and the affidavits and declarations there was a miscommunication between counsel and Mr. Mendez regarding his desire to file a corrected notice of appeal and that Mr. Mendez did in fact want to file a direct appeal.  "Prejudice exists because, but for the lawyer's refusal [Petitioner] would have appealed."  Sandoval-Lopez at 1198.

Because the performance and prejudice prong have been satisfied, the Court will grant relief on the ineffective assistance of counsel claim.  The Court will vacate and reenter the Petitioner's judgment in this matter and appoint new court-appointed counsel to file a notice of appeal and to represent the Petitioner for purposes of his direct appeal.

Petitioner has filed a Resentencing Memorandum (Docket No. 6) and requests as his relief that he be resentenced.  As discussed above, the relief related to the § 2255 motion is that the original judgment is vacated and a new judgment (with the same sentence) is entered to allow Petitioner to file his direct appeal.  See United States v. Gaither, 245 F.3d 1064, 1068 (9th Cir.2001); see also United States v. Pearce, 992 F.2d 1021, 1023 (9th Cir.1993).  Petitioner is not entitled to be resentenced by the trial court when his only claim is that his attorney failed to file a

---

[1]The appeal due to "no departure" is confusing to the Court since Mr. Mendez did receive a 6 level departure pursuant to the Sentencing Guidelines at sentencing, however the reason for the appeal is not relevant to the question of whether Mr. Mendez made it clear to his counsel he wanted to file a direct appeal.

ORDER
06ORDERSMENDEZ_2255.wpd

direct appeal.  Moreover, Petitioner was sentenced on May 2, 2005, so <u>United States v. Booker</u>, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) which was decided on January 12, 2005 was taken into account by the Court at Petitioner's sentencing on May 2, 2005.

### Order

Being fully advised in the premises, the Court hereby orders that Petitioner's § 2255 motion (Docket No. 1) is GRANTED.  The Court will vacate the judgment filed in <u>United States v. Guillermo Mendez-Mendez</u>, Criminal case no. 04-094-S-EJL (Docket No. 130 which was entered on May 9, 2005) and will re-enter the exact same judgment.  The Clerk of the Court is directed to appoint new court-appointed counsel to file a notice of appeal within ten (10) days of the entry of the new judgment and to represent Petitioner in his direct appeal.

DATED:  **April 4, 2006**

Honorable Edward J. Lodge
U. S. District Judge

ORDER
06ORDERSMENDEZ_2255.wpd